# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

V.

ROYCE CORLEY

Case Number: 1:13CR00048-01(RPP)
USM Number: 68011-054

Mark DeMarco, Esq.
Defendant's Attorney

**Date of Original Judgment:** 4/21/14
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☒ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☒ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☒ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

pleaded guilty to _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s) 1, 2, 3 & 4.*
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| T18 USC 1591(a) & (b) | Sex Trafficking of a Minor | 1/25/2012 | 1, 2 & 3 |
| T18 USC 2252A(a)(5)(B) | Possession of Child Pornography | 1/25/2012 | 4 |

The defendant is sentenced as provided in pages ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on _____

Count(s) _____ ☐ is are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/21/2014
Date of Imposition of Judgment

_Signature_
Signature of Judge

Name and Title of Judge

5/2/2014
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/14

DEFENDANT: ROYCE CORLEY
CASE NUMBER: 1:13CR00048-01(RPP)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
   Ten years each on Counts 1,2,3 and 4. The time imposed on Counts 2,3 and 4 are to run concurrent with the time imposed on Count 1.

The court makes the following recommendations to the Bureau of Prisons:
-The defendant is to be housed at a facility in the northeast region as close to New York City as possible.
-The defendant is to receive job counseling, educational and vocational training.
-The defendant is to receive cognitive behavioral training.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
   ☐  at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on _____ .
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05 Amended Judgment in a Criminal Case Case 1:13-cr-00048-AJK Document 63 Filed 05/05/14 Page 3 of 6
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 6

DEFENDANT:
CASE NUMBER:

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a
The total period of supervised release imposed is ten years; five years each on Counts 1,2 and 3 and three years on Count 4. The time imposed on Counts 3 and 4 are to run concurrent with the time imposed on Count 1.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change.
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 3C — Supervised Release                                            (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 6

**DEFENDANT:** ROYCE CORLEY
**CASE NUMBER:** 1:13CR00048-01(RPP)

## SPECIAL CONDITIONS OF SUPERVISION

The following mandatory conditions are imposed:
- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall not possess a firearm or destructive device.
- The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug testing within fifteen (15) days of placement on supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.
- The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are imposed along with the following special conditions:
- The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.
- The defendant shall undergo a sex-offense-specific evaluation and participate in a sex offender treatment/and or mental health treatment program approved by the probation officer. The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing. The defendant shall waive his right of confidentiality in any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review the defendant's course of treatment and progress with the treatment provider. The defendant will be required to contribute to the costs of services rendered in an amount approved by the probation officer, based on his ability to pay or availability of third-party payment.
- The defendant shall not have deliberate contact with any child under 17 years of age, unless approved by the probation officer. The defendant shall not loiter within 100 feed of schoolyards, playgrounds, arcades, or other places primarily used by children under the age of 17.
- The defendant shall not have contact with the victim(s) in this case. This includes any physical, visual, written, or telephonic contact with such persons. Additionally, the defendant shall not directly cause or encourage anyone else to have such contact with the victim(s).
- The defendant is not to use a computer, Internet-capable device, or similar electronic device to access child pornography or to communicate with any individual or group for the purpose of promoting sexual relations with children. The defendant shall consent to the use and/or installation of a computer program which shall monitor suspect computer use on any computer owned or controlled by the defendant. The program(s) used will be designed to identify, for the probation office, only the viewing, downloading, uploading, transmitting, or otherwise using any images or content of a sexual nature, as
defined as Suspect Computer Use. Suspect Computer Use shall be identified by the installed program(s) and/or the probation officer through the screening of the defendant's computer usage for certain key words, phrases, and images.
- The defendant is to report to the nearest probation office within 72 hours of release from custody.
- The defendant is to be supervised by the district of residence during the period of supervision.
- Mandatory special assessment of $400.00 is imposed and is payable within six months, by 10/21/14.
- Order of Restitution is signed, amount to be determined. The mandatory special assessment is imposed, $100.00, and is payable by 10/21/14. Restitution to be imposed shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after the release from custody. During incarceration if the defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25 per quarter toward the criminal financial penalties. If the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant shall pay 50% of his monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R.
§ 545.11. Restitution imposed is pursuant to T18 USC §1593.
- The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 6

DEFENDANT: ROYCE CORLEY
CASE NUMBER: 1: 13CR00048-01(RPP)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 400.00 | $ | $ |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

Order of Restitution amount to be determined.

| TOTALS | $ | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived     ☐ fine     ☐ restitution.

  ☐ the interest requirement for     ☐ fine     ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                             (NOTE: Identify Changes with Asterisks (*))

Case 1:13-cr-00048-AJN   Document 63   Filed 05/05/14   Page 6 of 6

Judgment — Page _____ of _____

DEFENDANT:       ROYCE CORLEY
CASE NUMBER:   1:13CR00048-01(RPP)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   Lump sum payment of _____ due immediately, balance due

   ☐ not later than _____, or
   ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐ Payment to begin immediately (may be combined   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐ Payment during the term of supervised release will commence _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;

F   X   Special instructions regarding the payment of criminal monetary penalties:

   The mandatory special assessment is imposed, $400.00, and is payable by 10/21/14. See terms of payment on Supervised Release Conditions page.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.