

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 12, 2016

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
40 Foley Square, Room 2102
New York, NY 10007

>     Re:   **United States v. Royce Corley**
>           **13 Cr. 48 (AJN)**

Dear Judge Nathan:

On January 15, 2016, the Court ruled on numerous motions made by *pro se* defendant Royce Corley principally concerning his effort to enlarge the record before the U.S. Court of Appeals for the Second Circuit by supplementing it with material Corley does not possess and which was not admitted at trial in the District Court (docket no. 101) (the "January 15 Order").  On February 4, 2015, the District Court filed two letters submitted by Corley (docket nos. 105 and 106) concerning the January 15 Order, which the Government now responds to by this letter.

By letter dated January 26, 2016 (docket no. 105), Corley lodges two objections to the January 15 Order and makes three requests (numbered 3, 4, and 5).  Each is addressed in turn.

Objection 1:  Corley objects to the Court's ruling in the January 15 Order denying his motion to obtain the real names of his three underage victims for the purpose of conducting an out-of-court investigation into the victims' respective ages at the time of the charged crime.  Assuming for purposes of this letter that Corley's objection is a motion for reconsideration by the Court of the January 15 Order, the Government opposes Corley's motion on the bases already outlined by the Court in its Order.  Particularly relevant to Corley's objection is the Court's finding that "Corley will not be prejudiced by any inability to perform further investigations, because he will not be permitted to supplement the record with what he finds." January 15 Order, at 7 (citing *Miro* v. *Plumbers & Pipefitters Nat'l Pension Fund,* No. 01-cv-5196, 2002 WL 31357702, at *2 (S.D.N.Y. Oct. 17, 2002) ("[I]t is well-settled that the purpose of Rule l0(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review.") (internal quotation marks omitted)).

Hon. Alison J. Nathan, U.S.D.J.                                                                                          Page 2
February 12, 2016

   Objection 2:  Corley objects to the Court's ruling in the January 15 Order denying his request to compel his former attorneys and investigators to produce the entirety of their investigative files to him.  Again, assuming for purposes of this letter that Corley's objection is a motion for reconsideration, the Government opposes his motion on the bases outlined by the Court in the January 15 Order.[1]  *See* January 15 Order, at 9-10.

   Request 3:  Corley asks the Court to be mindful that standby counsel Charles F. Willson, Esq., appointed by the Court of Appeals for the Second Circuit as standby counsel, is not admitted to practice in this District and does not have access to non-public records such as sealed docket entries 15, 22, and 55.  With respect to those documents, the Government viewed them and shared their contents with Mr. Willson.  In brief, they consist of a letter from Corley to the Court concerning a dispute with prior counsel and two requests for CJA funds to pay for a defense investigator.  Given their contents, the Government has no objection to those documents being unsealed.  Having spoken with Mr. Willson, the Government understands that the defendant would prefer to keep the records sealed but obtain a copy of them, though Mr. Willson suggested that the defendant may write to the Court independently on this issue.  The larger issue of Mr. Willson's access to the Court files may be readily addressed by admitting Mr. Willson in this Court or appointing standby counsel who is admitted in this District.

   Request 4:  The defendant requests copies of all of the court exhibits "i.e., jury notes, verdict sheet, revised indictment, etc."  The Government does not object to the Court providing the defendant with a copy of all publicly-available court exhibits.

   Request 5:  Lastly, Corley asks that the Court provide him with a certified copy of the docket sheet.  The Government does not object to this request.

           Respectfully submitted,

            PREET BHARARA
            United States Attorney

            _____/s/_____
         By: Amanda Kramer
           Tatiana Martins
           Assistant United States Attorneys
           (212) 637-2478/2215

---

[1] The Government notes that the Court's ruling in the January 15 Order also applies to Corley's January 1, 2016 letter seeking a private investigator previously retained by Corley to provide him with his investigative file on the state case.  Corley concedes that his January 1, 2016 letter has been mooted by the Court's January 15 Order in a handwritten and initialed annotation on the letter stating that it was "filed on record for the appellate court to address, in light of the court's January 15, 2016 order denying such requests."

Hon. Alison J. Nathan, U.S.D.J.                                                                                                          Page 3
February 12, 2016


cc:     Royce Corley (by Fedex)
        Inmate No. 68011-054
        FCI Danbury
        Route 37
        Danbury, CT 06811